# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA TSCHOEPE<br>1422 W. Wynnewood Road<br>Ardmore, PA 19003 | :<br>:<br>:  Civil Action No.: _____<br>: |
| Plaintiff, | :  **JURY TRIAL DEMANDED**<br>: |
| v. | :<br>: |
| MALVERN HEALTH, INC.<br>521 Plymouth Road<br>Plymouth Meeting, PA 19462 | :<br>:<br>:<br>: |
| Defendant. | :<br>: |

## COMPLAINT – CIVIL ACTION

Plaintiff, Donna Tschoepe ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Malvern Health, Inc. ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to redress violations by the Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), which have caused Plaintiff to suffer damages as set forth herein.[1]

## PARTIES

2. Plaintiff Donna Tschoepe is a citizen of the United States and Pennsylvania, who currently maintains a residence at 1422 W. Wynnewood Road, Ardmore, PA 19003.

---

[1] Plaintiff intends to amend this Complaint to add claims under the Philadelphia Fair Practices Ordinance, Phila. Code. §9-1101, *et seq.* ("PFPO") and Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA") upon administrative exhaustion.

3. Upon information and belief, Defendant Malvern Health, Inc., is a for-profit company incorporated under the laws of the Commonwealth of Pennsylvania with a place of business at 1930 S. Broad Street, Philadelphia, PA 19145 and registered office at 521 Plymouth Road, Plymouth Meeting, PA 19462.

## JURISDICTION AND VENUE

4. On or about December 23, 2022, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Philadelphia Commission on Human Relations ("PCHR"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2023-02122. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

5. By correspondence dated June 11, 2023, Plaintiff received a Notice of Rights to Sue from the EEOC regarding her Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

6. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

7. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

8. This is an action authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed herein.

## FACTUAL BACKGROUND

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. Plaintiff began her employment with Defendant on or about May 16, 2022, in the position of Human Resources ("HR") Manager in Defendant's 1930 S. Broad Street, Philadelphia, PA 19145 location.

13. Throughout her employment, Plaintiff performed her job well, and received positive reviews of her performance, occasional praise, and no justifiable discipline.

14. Throughout the course of her employment, Plaintiff reported to Defendant's Director of HR, Brendan Aurand ("Mr. Aurand").

15. By way of background, Plaintiff suffers from chronic migraines, which constitute a disability within the meaning of the ADA because they substantially limit major life activities, including, but not limited to, thinking, concentrating, driving, and interacting with others.

16. On or about June 22, 2022, Plaintiff began experiencing migraine symptoms and called out of work.

17. While calling out of work, Plaintiff advised Mr. Aurand that she was suffering from a bad migraine and had taken medication that prevented her from driving.

18. Plaintiff also explained to Mr. Aurand that she had suffered from chronic migraines since she was fifteen (15) years old.

19. On or about June 30, 2022, Plaintiff again requested to take off for a day because of a migraine.

20. In both instances where Plaintiff called out of work because of her migraines, she returned to work the next business day.

21. On or about July 5, 2022, two (2) business days after Plaintiff had last taken off because of a migraine, Defendant abruptly terminated Plaintiff's employment.

22. Notably, while advising Plaintiff of her termination, Mr. Aurand told Plaintiff that she was not reliable because she had to miss work when she had migraines.

23. In other words, Defendant indicated it was terminating Plaintiff because of her disability, and for her request(s) for accommodation in connection thereto.

24. Mr. Aurand also invoked negative age-related stereotypes when advising Plaintiff of her termination, falsely stating that Plaintiff was slow to learn Defendant's Paycom system.

25. Moreover, Mr. Aurand had previously made other insinuations about Plaintiff's age, such as claiming she was "overqualified."

26. It should be noted that the other HR employees retained by Defendant, Melissa and Annelise, were significantly younger than Plaintiff; Mr. These two employees and Mr. Aurland were all in their thirties (30s).

27. For context, Plaintiff was born in 1951 and was seventy (70) years old when Defendant terminated her employment.

28. It is believed and therefore averred that Defendant terminated Plaintiff because of her actual and/or perceived disability, for her past record of impairment, and in retaliation for her request(s) for a reasonable accommodation in connection thereto, in violation of the ADA.

29. It is further believed and therefore averred that Plaintiff was terminated on the basis of her age, in violation of the ADEA.

30. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101,** *et seq.*
**DISCRIMINATION AND RETALIATION**

31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

33. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disability/disabilities.

34. Plaintiff's chronic migraines constitute a disability within the meaning of the ADA in that they substantially impair her ability to engage in one or more major life activities.

35. Despite her disability, Plaintiff would have been able to perform the essential function of her job with or without a reasonable accommodation.

36. By reasons of the foregoing, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff's employment on the basis of her actual and/or perceived disability, because Defendant regarded her as being disabled, and for her past record of impairment.

37. Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for her request for a reasonable accommodation in connection thereto.

38. Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by failing to engage in good faith in the interactive process and failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

39. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive and/or compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, et seq.
## DISCRIMINATION

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41. Defendant employed at least twenty (20) employees throughout its various locations at all times material hereto.

42. Plaintiff was born on August 12, 1951 and was seventy (70) years old at all times material hereto.

43. Defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff and terminated her employment on account of her age, being seventy (70) years old at the time of the unlawful discrimination in connection thereto.

44. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

45. As a result of Defendant's deliberate, willful, unlawful, and malicious actions as set forth above, Plaintiff has suffered damages in the form of, inter alia, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

  B.  Liquidated damages;

  C.  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

  D.  Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

  E.  Pre-judgment interest in an appropriate amount; and

  F.  Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: *Michael Murphy, Esq.*
   Michael Murphy, Esq.
   Jake Daniel Novelli, Esq.
   1628 John F. Kennedy Blvd., Suite 2000
   Philadelphia, PA 19103
   TEL: 267-273-1054
   FAX: 215-525-0210
   murphy@phillyemploymentlawyer.com
   jnovelli@phillyemploymentlawyer.com

Dated: July 6, 2023       *Counsel for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.